UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Arby's Restaurant Group, Inc. Data Security Litigation | Case No. 1:17-mi-55555-WMR |
| Financial Institution Case | Case No. 1:17-cv-00514-WMR |

## ORDER

This matter is before the Court on the Financial Institution Plaintiffs' Motion to Compel Discovery Related to the Mandiant Data Breach Investigation and 2016 PCI Gap Assessment. [Doc. 435.][1]  The Court heard argument on Plaintiffs' motion during a status conference on March 11, 2019, and took the motion under advisement.

Plaintiffs' motion concerns two categories of documents withheld by Defendant based on claims of attorney-client privilege and protection under the work product doctrine and/or the non-testifying expert privilege.  The first category includes communications and documents related to an internal investigation performed by Mandiant Services Inc. ("the Mandiant Investigation").

---

[1] The Court **GRANTS** Plaintiffs' motion to file their unredacted brief and exhibits under seal. [*See* Docs. 436–37.]

[Doc. 435-1 at 6.] Defendant asserts attorney-client privilege, work product doctrine, and non-testifying expert protection over these documents. [Doc. 439 at 10–19.] The second category includes communications, reports and notes by Dell SecureWorks in connection with a "gap analysis" concerning Arby's compliance with Payment Card Industry Data Security Standards (the "2016 PCI DSS Gap Analysis"). [Doc. 435-1 at 22–25.] Defendant asserts attorney-client privilege over communications regarding the PCI DSS Gap Analysis, but does not assert that the work product doctrine or the non-testifying expert privilege applies to such documents. [Doc. 439 at 22–25.]

After consideration of the arguments presented, the applicable legal authority and all appropriate matters of record, the Court finds and rules as follows:

The Court finds that Arby's hired Mandiant to produce a report in anticipation of litigation and for other legal purposes. Plaintiffs have not shown that Mandiant's analyses cannot be duplicated should Plaintiffs be provided the underlying information used by Mandiant, CrowdStrike, and Dell SecureWorks. Therefore, to the extent it has not already, the Court orders Defendant to provide Plaintiffs with the underlying information used by Mandiant in the Mandiant Investigation. However, the Court concludes that final and interim analyses by

Mandiant are work product and privileged attorney-client communications between Mandiant and counsel.

As to the 2016 PCI DSS Gap Analysis, Defendant is not claiming work product or non-testifying expert protection for any underlying data, internal notes or analyses developed by DellSecure Works. Therefore, any internal notes, analyses or other information used by DellSecureWorks in conducting the 2016 PCI DSS gap analysis are discoverable. The Court concludes that communications between Dell and Defendant's attorneys (including emails) fall within attorney-client privilege and are protected from disclosure.

Based on these findings, Plaintiffs' motion to compel is **DENIED**.

**IT IS SO ORDERED**, this 25th of March, 2019.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE