**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re Arby's Restaurant Group, Inc. Data Security Litigation | Case No. 1:17-cv-55555-WMR Master Docket |
| CONSOLIDATED FINANCIAL INSTITUTION CASE | Case No. 1:17-cv-00514-WMR Financial Institution Case |

## FINAL JUDGMENT ORDER

A Final Approval Hearing was held before this Court on July 30, 2020 to consider, among other things, whether the Settlement Agreement dated February 10, 2020, including the exhibits thereto (the "Settlement Agreement") between the Settlement Class Representatives on behalf of themselves and the other Settlement Class Members, by and through Settlement Class Counsel, and Defendant Arby's Restaurant Group, Inc. ("Arby's"), by and through Arby's Counsel, represents a fair, reasonable, and adequate settlement of the Action, as well as the amount to be paid as Settlement Class Counsel's fees and litigation costs and expenses for litigating the Action and the amount of Service Payments to be paid to the Settlement Class Representatives.

546771.1

Based on the Settlement Agreement, the Settlement Class Representatives' Motion for Final Approval of Class Action Settlement [Doc. 307], the Settlement Class Representatives' Motion for an Award of Attorneys' Fees, Expenses, and Service Payments [Doc. 305], and all prior proceedings herein, the Court **ORDERS,** as follows:

1.     The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein. *See* Settlement Agreement [Doc. 293-3].

2.     The Court has jurisdiction over the subject matter of the Action and the Financial Institutions Complaint and has personal jurisdiction over the Parties and Settlement Class Members.

3.     On March 5, 2020, the Court entered an Order Preliminarily Approving Class Action Settlement and Directing Notice to Settlement Class, [Doc. 295] (the "Preliminary Approval Order"), that provisionally certified the Settlement Class, preliminarily approved the Settlement Agreement, directed notice of the Settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement, the Settlement Class Representatives' Service Payments Request, and the Settlement Class Representatives' Motion for Attorneys' Fees. [Doc. 305].

546771.1

(the "Fee Request" and together with the Service Payments Request, the "Application").

4.     In the Preliminary Approval Order, the Court approved the Notice Plan described in Section 4.1 of the Settlement Agreement, the Notices, and the Claim Form, and found that the forms, content, and method of giving notice to the Settlement Class constituted the best practicable and most reasonable notice to the Settlement Class.  A declaration confirming that the Notices have been mailed, published, and distributed according to the Notice Plan and the Preliminary Approval Order has been filed with the Court.  *See* Declaration of Shelby Meredith re: Notice Procedures [Doc. 307-3].  The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement.

5.     The Notices and the Notice Plan provided the best notice practicable under the circumstances to the Class Members and fully satisfied the requirements of due process under the United States Constitution and Fed. R. Civ. P. 23.  Based on the evidence and information supplied to the Court at the Final Approval Hearing held on July 30, 2020, the Court finds that the Notices were adequate and reasonable. The Court further finds that through the Notices, the Class Members have been apprised of the nature and pendency of the Action, the terms of the Settlement

546771.1

Agreement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing.

6.     The Court finds that Arby's has complied with the requirements of 28 U.S.C. § 1715.

7.     The Court finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class and are adequate Settlement Class Representatives.  The Court further finds that Settlement Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class.  The Court grants final approval to its appointment, pursuant to Fed. R. Civ. P.  23(g), of Settlement Class Counsel and to its appointment of the Settlement Class Representatives as provided in the Preliminary Approval Order at ¶ 3 (Doc. 295) appointing the following firms and individuals as Settlement Class Counsel:

James J. Pizzirusso
**HAUSFELD LLP**
1700 K. Street, NW
Suite 650
Washington, DC 20006

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

546771.1

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th St
Minneapolis, MN 55402

It also appoints as Settlement Class Representatives Fort McClellan Credit Union,

Midwest America Federal Credit Union, and Gulf Coast Bank & Trust Company.

8.      The Court certifies the following Settlement Class under Fed. R. Civ. P. 23(a)

and 23(b)(3):

> All United States-based issuers of Visa and MasterCard payment cards that
> issued at least one Alerted-On Payment Card and did not validly request
> exclusion from the Settlement Class.

9.      The Court has ruled on any disputes that the Parties presented regarding the

Opt-Outs Report and has made any necessary modifications to the Opt-Outs Report

at least seven (7) days prior to the entry of this Final Judgment.

10.     Excluded from the Settlement Class are entities identified in the Final Opt-

Outs Report as having submitted valid requests for exclusion from the Settlement

Class ("Opt-Outs").  Opt-Outs shall not receive any benefits of the Settlement

Agreement and shall not be bound by this Final Judgment.

11.     The Court finds that the Settlement Class defined above satisfies the

requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (a) the Settlement Class

is so numerous that joinder of all Settlement Class Members would be impracticable;

546771.1

(b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of, arise from the same operative facts as, and seek similar relief to the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Settlement Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

12.    The Court approves the Settlement as set forth in the Settlement Agreement and finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class Members.  The Court further finds that the Settlement Agreement was the product of an arm's-length negotiation conducted in good faith by the Parties and their counsel.

13.    The Court approves the Distribution Plan attached as Exhibit 1 to the Settlement Agreement and orders the Settlement Administrator to distribute the

546771.1

Arby's Payment to the Settlement Class Members in accordance with the terms of the Distribution Plan.

14.     The Court finds that the Parties face significant risks, expenses, delays, and uncertainty, including as to outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.  The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

15.     The Court has reviewed all Objections to the Settlement Agreement and/or to the Application filed with the Court or submitted by Settlement Class Counsel with the Motion for Final Approval.  These Objections are hereby found to be without merit and are overruled.  All persons and entities who have not objected to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objection to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

16.     As of the Effective Date, the Settlement Class Representatives and all other Settlement Class Members, on their own behalves and on behalf of their respective past and present parents, subsidiaries, affiliates, divisions, successors, predecessors,

546771.1

assignors, assignees, and assigns, and each of their respective past and present officers, directors, shareholders, partners, members, insurers, agents, employees, associates, and attorneys ("Plaintiff Releasing Persons"), shall be deemed to have waived any right to assert against Arby's and its present, former, and future parents, subsidiaries, affiliates, divisions, successors, predecessors, assignors, assignees, and assigns, and each of their respective present, former or future officers, directors, shareholders, partners, members, insurers, employees, associates, agents, acquirers, processors, representatives, attorneys, and accountants (collectively, "Arby's Released Persons"), and to have irrevocably released and forever discharged the Arby's Released Persons from and for, any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they ever had, now have, or may claim now or in the future to have, that (i) were alleged or asserted against any of the Arby's Released Persons in the Financial Institutions Complaint or could have been alleged or asserted against any of the Arby's Released Persons in the Financial Institutions Complaint; (ii) arise out of the same nucleus of operative facts as any of the claims alleged or asserted in the

546771.1

Financial Institutions Complaint; or (iii) arise out of or relate to the Intrusion ("Plaintiff Released Claims").

17.    As of the Effective Date, Arby's shall be deemed to have waived any right to assert against the Settlement Class Representatives, the other Settlement Class Members, and Settlement Class Counsel ("Plaintiff Released Persons"), and to have irrevocably released and forever discharged the Plaintiff Released Persons from and for, any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which it ever had, now has, or may claim now or in the future to have, relating to the institution or prosecution of the Action ("Arby's Released Claims").

18.    "Unknown claims" means claims that Arby's and the Plaintiff Releasing Persons do not know or suspect to exist in their favor as of the entry of this Final Judgment, which if known by them might have affected their settlement of the Action.  Upon the Effective Date, Arby's and each of the Plaintiff Releasing Persons shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by section 1542 of

546771.1

the California Civil Code, or by any law of any state or territory of the United States, federal law, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, the provisions, rights, and benefits of any statute or law which might otherwise render a general release unenforceable with respect to unknown claims. Section 1542 of the California Civil Code reads:

> Section 1542. Release. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Upon the Effective Date, Arby's and each of the Plaintiff Releasing Persons shall be deemed to have acknowledged that such party is aware that such party may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Plaintiff Released Claims and Arby's Released Claims, but that it is such party's intention to have, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Plaintiff Released Claims and Arby's Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

546771.1

19.     Arby's is hereby enjoined from prosecuting in any proceeding against any of the Plaintiff Released Persons any Arby's Released Claim or any other claim based on any actions taken by any of the Plaintiff Released Persons that are authorized or required by the Settlement Agreement or by this Final Judgment.  Each Plaintiff Releasing Person is hereby enjoined from prosecuting in any proceeding against any of the Arby's Released Persons any Plaintiff Released Claim or any other claim based on any actions taken by any of the Arby's Released Persons that are authorized or required by the Settlement Agreement or by this Final Judgment.  The Settlement Agreement and/or this Final Judgment may be pleaded as and shall operate as a complete defense to any such proceeding.

20.     This Final Judgment shall not be construed either as an admission or concession by Arby's of the truth of any allegations in the Financial Institution Complaint or of any liability, fault, or wrongdoing of any kind or as an admission or concession by the Settlement Class Representatives or the other Settlement Class Members as to any lack of merit of the claims in the Financial Institution Complaint.

21.     Nothing contained herein, or in any document or instrument contemplated by the Settlement, is to be construed as an admission of wrongdoing or liability by any party, such wrongdoing and liability being expressly denied and no final adjudication having been made.  The Parties have entered into the Settlement

546771.1

Agreement solely as a compromise of all claims in the Action for the purpose of concluding the Action and the Settlement Agreement may not be used by any third party against any Party. Pursuant to Fed. R. Evid. 408, the entering into and carrying out of the Settlement Agreement and any negotiations or proceedings related to it shall not be construed as or deemed evidence of an admission or concession by any of the Parties or a waiver of any applicable statute of limitations and shall not be offered or received into evidence in any tribunal for any purpose whatsoever.

22.    Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or this Final Judgment or to defend against the assertion of Plaintiff Released Claims or Arby's Released Claims in any other proceeding, or as otherwise required by law.

23.    The Settlement Class Representatives have requested that Service Payments be approved and paid to them in recognition of their services provided for the benefit of the Settlement Class. The Settlement Agreement provides for an award of Service Payments as part of the maximum $2,312,864 to be paid by Arby's for attorneys' fees, costs, and expenses and Service Payments. The Court, having reviewed the request for Service Payments, as well as the supporting memorandum and associated papers, hereby finds that a Service Payment to each Settlement Class Representative

546771.1

in the amount of $10,000 is fair, reasonable, and appropriate in light of the service each Settlement Class Representative has provided on behalf of and for the benefit of the Settlement Class, and hereby approves a Service Payment to each Settlement Class Representative in such amount.   The Service Payments shall be paid in accordance with the terms of the Settlement Agreement.

24.     The Settlement Class Representatives have moved for an award for attorneys' fees and reimbursement of costs and expenses to Settlement Class Counsel. [Doc. 305]. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure and having reviewed the Fee Request, supporting memorandum, and associated papers, and having considered the factors for assessing the reasonableness of a class action fee request, the Court makes the following findings of fact and conclusions of law:

(a)     The Settlement confers benefits on the Settlement Class that are substantial when assessed in light of the risk of establishing liability and damages in this case;

(b)     There were no objections by Settlement Class Members to the requested fee award;

(c)     Settlement Class Counsel have effectively and efficiently prosecuted this difficult and complex class action on behalf of members of the Settlement Class

on a wholly contingent basis and with no guarantee they would be compensated for the significant time, resources, and expenses devoted to prosecuting the case;

(d)    Settlement Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action on behalf of the Settlement Class;

(e)    Settlement Class Counsel have reasonably expended over 12,000 hours and incurred substantial opt-of-pocket expenses in prosecuting this action with no guarantee of recovery;

(f)    The outcome of the Settlement was achieved for the benefit of the Settlement Class as a direct result of Settlement Class Counsel's skillful advocacy and high-quality work on behalf of the Settlement Class;

(g)    The Settlement was reached following negotiations held in good faith, in the absence of collusion, and in significant part under the supervision of a highly skilled mediator, Hunter R. Hughes III;

(h)    Settlement Class Members were advised in the Notices, which Notices were approved by this Court, that the Settlement Class Representatives intended to move for an award of attorneys' fees, costs, and expenses and an award of Service Payments to the Settlement Class Representatives in an aggregate amount up to

546771.1

$2,312,864, which would be paid by Arby's, separate and apart from the benefits to Settlement Class Members provided under the Settlement Agreement;

(i) The Settlement Class Representatives have moved for an award of attorneys' fees, costs, and expenses in the amount of $2,282,864. [Doc. 305]. The hourly rates used by Settlement Class Counsel in calculating lodestar and the number of hours expended in prosecuting the case for the benefit of the Settlement Class are reasonable, as is the lodestar amount submitted by Settlement Class Counsel, which the Court has considered as one factor in evaluating the Fee Request. The costs and expenses necessarily incurred by Settlement Class Counsel as shown in the Settlement Class Representatives' request for an award of attorneys' fees, costs, and expenses are reasonable.

25. Accordingly, in consideration of the foregoing, the Settlement Class Representatives are hereby awarded attorneys' fees, costs, and expenses for Settlement Class Counsel in the amount of $2,282,864, and the Motion is **GRANTED**. [Doc. 305]. The Court finds this award to be fair and reasonable. The awarded fees and expenses shall be paid in accordance with the terms of the Settlement Agreement.

26. Arby's shall not be responsible for any distribution of the attorneys' fees, costs, and expenses or Service Payments or for any failure to make such distribution.

546771.1

27.    At any time after entry of this Final Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Arby's Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Settlement Class, provided that such modifications do not limit the rights of the Settlement Class Members under the Settlement Agreement.

28.    The Court hereby dismisses the Financial Institution Complaint with prejudice and without fees or costs to any Party except as provided in this Final Judgment.

29.    If the Settlement Agreement is terminated in accordance with Section 8.1 of the Settlement Agreement, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

30.    If the Settlement Agreement is terminated in accordance with Section 8.1 of the Settlement Agreement, the Settlement Agreement shall have no effect on the rights of the Parties or the Class Members to prosecute or defend the Action or any other action and, subject expressly to the reservation and preservation of rights and defenses, all Parties and Class Members shall be restored to their respective positions as of November 13, 2019.  In such event, the Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, except as expressly provided in the Settlement Agreement, and shall not be deemed or construed to be an admission

546771.1

or confession by or against any Party of any fact, matter, or proposition of law, whether in the Action or otherwise.

31.   Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

32.   Without affecting the finality of this Final Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Final Judgment.

33.   This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

34.   Pursuant to Fed. R. Civ. Pro. 54(b), the Court determines that there is no just reason for delay and expressly DIRECTS that this Final Judgment be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED,** this 25th day of November, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

546771.1